IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

MELODY MARTIN; LINDA
TRUMBO,                                                                    No. 2:13-cv-01219-KJM-CKD

                Plaintiffs,

  vs.

JEFFREY DIXON,

                Defendant.                                    <u>ORDER</u>
_____/

        This matter is before the court on plaintiffs' motion to remand or, in the alternative, to transfer venue. (ECF 9.) The court decided this matter on the papers. For the reasons below, plaintiffs' motion is GRANTED.

I.      ALLEGED FACTS AND BACKGROUND

        The underlying suit is an action to partition property located in Bonners Ferry, Idaho. (Compl., Notification of Removal, ECF 1 at 6 ("Compl").) Plaintiffs originally filed this action in Idaho state court on May 24, 2013. (*Id.*) Defendant removed the action to this court on June 18, 2013, asserting diversity jurisdiction. (Notification of Removal, ECF 1.) Defendant states he is a citizen of California, plaintiff Martin a resident of Nevada, and plaintiff

1

1 Trumbo a resident of Texas. (*Id.* ¶ 3.) Because diversity of citizenship exists and the amount
2 in controversy exceeds $75,000, defendant contends removal to the Eastern District of
3 California is proper under 28 U.S.C. § 1441.
4 Plaintiffs filed the instant motion to remand or, in the alternative, to transfer
5 venue on July 17, 2013. (ECF 9.) Plaintiffs also seek attorney's fees for defendant's improper
6 removal. (*Id.*) Defendant opposed on August 14, 2013 (ECF 11) and plaintiffs replied on
7 August 23, 2013 (ECF 12).

## II.  STANDARD

District courts have subject matter jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between or among the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC,* 1:09–CV–02061–OWW–GSA, 2011 WL 846151, at *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).

2

Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

III.   ANALYSIS

Plaintiffs argue removal is improper because defendant removed this case from state court in Idaho to federal court in California. (ECF 9-1 at 2–3.) Plaintiffs note that 28 U.S.C. § 1441(a) permits removal "to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, plaintiffs contend, defendant should have removed to federal court in Idaho. (*Id.*) Because removal here is obviously improper, plaintiffs assert, they are entitled to attorney's fees. (*Id.* at 5.)

Defendant argues the court should not even consider plaintiffs' instant motion because plaintiffs did not comply with this court's standing order to meet and confer before filing motions. (ECF 11 at 3–4.) While plaintiffs' counsel sent a letter to defendant's counsel to "discuss" jurisdiction, defendant's counsel had served plaintiffs a notice of nonavailability covering the time period when the letter was sent and when plaintiffs filed the instant motion. (*Id.*) This court should deny plaintiffs' motion on this ground alone, defendant asserts. (*Id.*) Regardless, defendant argues, removal was proper under 28 U.S.C. § 1391, which applies to all "civil actions brought in the district courts of the United States." (*Id.* at 4–5.) Finally, defendant asserts plaintiffs are not entitled to attorney's fees because plaintiffs did not allow time for defendant to respond to their demand letter. (*Id.* at 5–6.)

The court first addresses defendant's meet-and-confer argument and then turns to the motion to remand and request for attorney's fees. The court concludes this case should be remanded to state court and denies the request for attorney's fees.

A.   Meet and Confer

Defendant is correct that the court could choose not to address the merits of plaintiffs' motion if plaintiffs did not comply with the court's standing order to meet and confer. (*See* ECF 11 at 3–4.) The record shows that while plaintiffs did not comply fully with the spirit of the court's standing orders, plaintiffs attempted to meet and confer and the parties

3

did meet and confer after plaintiffs filed their motion; the conferring did not moot the motion before the court. (*See* ECF 12 at 1 (describing the parties' discussions about stipulating to remand).) The court exercises its discretion to address plaintiffs' motion on the merits.

B.   Motion to Remand

Plaintiffs correctly argue that removal was improper because the statute, 28 U.S.C. § 1441(a), permits removal only "to the district court of the United States for the district and division embracing the place where such action is pending." *See also* 28 U.S.C. § 1446 (providing procedure for removal by refiling the action in the district court for the district and division within which the action is pending); *Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282, 1284 (D. N.M. 2009) (remanding a case filed in Arizona and removed to federal court in New Mexico). This action was originally filed in Bonners Ferry, Idaho (Compl.); the federal district embracing that location is the District of Idaho, not the Eastern District of California.

Defendant's argument that 28 U.S.C. § 1391 permits removal to this district is frivolous. Supreme Court precedent is to the contrary. In *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953), the Court observed:

> This action was not 'brought' in the District Court, nor was Respondent 'sued' there; the action was brought in a state court and removed to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.' The Southern District of Florida is the district embracing Dade County, the place where this action was pending.

*Polizzi* makes clear that the removal here was improper.

This court thus exercises its discretion to remand this case back to state court in Idaho. *See Martinez*, 674 F. Supp. 2d at 1286 (remanding under these circumstances); *Willingham v. Creswell-Keith, Inc.*, 160 F. Supp. 741, 744 (W.D. Ark. 1958) (same); *but see Ullah v. F.D.I.C.*, 852 F. Supp. 218, 221 (S.D.N.Y. 1994) (stating courts have discretion to remand or to transfer the case directly to its proper site, ultimately opting for transfer).

4

C. Attorney's Fees

Title 28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Ninth Circuit has observed, section 1447(c) was amended in 1988 explicitly to add "attorney fees" to the expenses that plaintiffs may recover upon an order of remand. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The Ninth Circuit also observed that in enacting section 1447(c), Congress "unambiguously" left the decision to award fees to the discretion of the district court. (*Id.*) A district court may award fees to plaintiffs in section 1447(c) cases even absent a finding of bad faith. (*Id.*) The purpose of an award is not to punish defendants, but to reimburse plaintiffs for unnecessary litigation costs incurred as a result of the removal attempt. (*Id*. at 447.)

The court declines to grant plaintiffs' attorney's fees. Plaintiffs did not comply fully with the spirit of this court's standing order to meet and confer, and although defendant was willing to stipulate to remand, plaintiffs refused the offer for various reasons. (ECF 12 at 1.) On balance, an award of fees and costs is not justified.

IV. CONCLUSION

This case is remanded to state court in Idaho. This case is CLOSED.

IT IS SO ORDERED.

DATED: September 25, 2013.

_____
UNITED STATES DISTRICT JUDGE

5